# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1114V
**Filed: October 18, 2019**
UNPUBLISHED

|  |  |
|---|---|
| SOPHIA PEER,<br><br>                              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                              Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA*, for petitioner.
*Julia Marter Collison, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Corcoran,** Chief Special Master:

On July 31, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 22, 2016. Petition at 1. On September 18, 2019, a decision was issued by then Chief Special Master Nora Beth Dorsey, awarding compensation to petitioner based on the parties' stipulation. ECF No. 32.

On October 1, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 37. Petitioner requests attorneys' fees in the amount of $10,570.70 and attorneys'

---

[1] It is my intent to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I find that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $624.81.  *Id.* at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $11,195.51.

Respondent did not file a response.

I have reviewed the billing records submitted with petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, I hereby **GRANT** petitioner's motion for attorneys' fees and costs.

**Accordingly, petitioner is awarded the total amount of $11,195.51[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Bridget Candace McCullough.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.